DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

CBI ACQUISITIONS, LLC d/b/a CANEEL BAY )
RESORT, and EHI ACQUISITIONS, LLC,      )
                                        )
                Plaintiffs,             )
                                        )      Civil No. 2014-49
        v.                              )
                                        )
J. BRION MORRISETTE, LAUREN E.          )
MORRISETTE,                             )
                                        )
                Defendants.             )
                                        )
                                        )
_____  )
J. BRION MORRISETTE,                    )
                                        )
                Counterclaimant,        )
                                        )
        v.                              )
                                        )
CBI ACQUISITIONS, LLC d/b/a CANEEL BAY )
RESORT, and EHI ACQUISITIONS, LLC       )
                                        )
                Counterclaim            )
                defendants.             )
                                        )
_____  )
J. BRION MORRISETTE,                    )
                                        )
                Third-party plaintiff,  )
                                        )
        v.                              )
                                        )
THE UNITED STATES OF AMERICA, and       )
ALVIN NAZARIO,                          )
                                        )
                Third-party defendants. )
_____  )

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 2

ATTORNEYS:

**Alex Moskowitz, Esq.**
Dudley, Topper & Feuerzeig
St. Thomas, VI
     *For the plaintiffs, CBI Acquisitions, LLC d/b/a Caneel Bay*
     *Resort, and EHI Acquisitions, LLC, and for the third-party*
     *defendant Alvin Nazario,*

**Michael L. Sheesley, Esq.**
MLSPC
St. Thomas, VI
     *For the defendant/counterclaimant/third-party plaintiff J.*
     *Brion Morrisette,*

**Lauren E. Morrisette**
     *Pro se defendant,*

**Ronald Sharpe, United States Attorney**
**Jason T. Cohen, AUSA**
United States Attorney's Office
St. Thomas, VI
     *For the third-party defendant United States of America.*

## ORDER

GÓMEZ, J.

     Before the Court is the motion of the United States to dismiss the claims against them in this matter or, in the alternative, to order repleader.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

     This order is written for the parties, who are familiar with the facts underlying this litigation, and thus the Court recites only those facts necessary to the instant motion.

     J. Brion Morrisette ("Morrisette") is the record property owner of property described as: Parcel No. 6, Estate Caneel Bay,

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 3

St. John, United States Virgin Islands (the "Morrisette Property"). The Morrisette Property is adjacent to property owned by CBI Acquisitions d/b/a Caneel Bay Resort ("Caneel Bay"), described as: Parcel No. 5, Estate Caneel Bay, St. John, United States Virgin Islands (the "Caneel Bay Property"). The Morrisette and Caneel Bay Properties are also adjacent to property owned by the United States, which operates the Virgin Islands National Park (the "National Park.")

Caneel Bay filed suit against Morrisette in the Superior Court of the Virgin Islands (the Superior Court), alleging causes of action for trespass, breach of covenants, injunctive relief, and quiet title. On March 21, 2014, while the case was pending in the Superior Court, Morrisette filed a counterclaim against Caneel Bay. Morrisette also filed third-party claims against the United States. Thereafter, on April 29, 2014, the United States removed the case to this Court.

On June 10, 2013, Morrisette amended his counterclaim and third-party claims. Thereupon the United States moved to dismiss Morrisette's third-party claims against it. The United States argues that Morrisette's third-party claims fail to state a basis for jurisdiction. Morrisette opposes the motion.

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 4

## II.  DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction.  A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir.2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 892 n. 17 (3d Cir.1977).  In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

## III. ANALYSIS

The United States argues that Morrisette has failed to plead facts that show that the United States has waived its sovereign immunity in this matter. Where a defendant's motion argues that the allegations in the complaint, on which jurisdiction depends, are not true as a matter of fact, the

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 5

motion is a factual challenge to the Court's subject-matter jurisdiction. *See Turicentro, S.A. v. Am. Airlines Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002) *overruled on other grounds by Animal Sci. Products, Inc. v. China Minmetals Corp.*, 654 F.3d 293 (3d Cir. 2011), *as amended* (Oct. 7, 2011). By contrast, a motion which challenges jurisdiction on the grounds that the facts necessary to establish jurisdiction have not been alleged at all is a facial attack. *Id.* at 300.

Here, the United States does not controvert any fact alleged in the amended complaint. Instead, the United States argues that there are simply no facts contained in the amended complaint which would give this Court jurisdiction over the United States. Such a challenge is facial in nature. *See McGrogan v. C.I.R.*, Civil No. 2009-167, 2011 WL 3472336 (D.V.I. Aug. 8, 2011) *aff'd sub nom. Cooper v. C.I.R.*, 718 F.3d 216 (3d Cir. 2013)("The United States has asserted a facial challenge to this Court's jurisdiction, arguing that this suit is barred by sovereign immunity.")

> Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940). Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."

CBI Acquisition, LLC et al. v. Morrisette et al.
Civil No. 2014-49
Order
Page 6

> *United States v. Sherwood*, 312 U.S. 584, 586, 61
> S.Ct. 767, 770, 85 L.Ed. 1058 (1941). *See also*
> *United States v. Mitchell*, 463 U.S. 206, 212,
> 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It
> is axiomatic that the United States may not be
> sued without its consent and that the existence
> of consent is a prerequisite for jurisdiction").
> Therefore, we must first decide whether [the
> government's] immunity has been waived.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

Any party suing the United States must allege a basis for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).  The complaint of a party suing the United States must therefore contain a statement of the grounds under which the United States has waived its sovereign immunity. *See, e.g., Swift v. United States Border Patrol*, 578 F. Supp 35, 37 (S.D. Tex. 1983) *aff'd* 731 F.2d 886 (5th Cir. 1984)("In view of Rule 8(a) of the Federal Rules of Civil Procedure, it is incumbent upon the Plaintiff to state in his complaint the grounds upon which the sovereign consented to this suit.")

Upon the Court's review of Morrisette's amended counterclaims and third-party claims, it is not apparent what statute, if any, waives the United States' sovereign immunity in this matter.  As such, Morrisette has failed to meet his burden to state the bases of jurisdiction pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(1); *see e.g., Swift*, 578 F. Supp at 37.

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 7

It is thus apparent that Morrisette's claims against the United States are deficient. Where a complaint is subject to dismissal, district courts are instructed to provide the plaintiff with leave to amend even if the plaintiff has not requested such leave. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). This is true even where a complaint is dismissed for lack of subject-matter jurisdiction. As the Third Circuit noted, "the district court's exercise of discretion must be within the law . . . . Specifically, the district court may deny [] leave to amend only where in its discretion the district court finds that the plaintiff's delay in seeking the amendment is undue, made in bad faith, prejudicial to the opposing party, or fails to cure the jurisdictional defect." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 887 (3d Cir. 1992). The Court does not find anything on the record which indicates that amendment in this matter would be either inequitable or futile.

The premises considered, it is hereby

**ORDERED** that the United States' motion to dismiss Morrisette's third-party claims against it are **GRANTED**; it is further

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 8

       **ORDERED** that Morrisette shall, to the extent he wishes to

do so, file a second amended complaint no later than 3:00 PM on

December 31, 2014.

 

S\_____

       **CURTIS V. GÓMEZ**
       **District Judge**