```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. THOMAS AND ST. JOHN


CBI ACQUISITIONS, LLC d/b/a CANEEL BAY )
RESORT, and EHI ACQUISITIONS, LLC,     )
                                       )
               Plaintiffs,             )
                                       )          Civil No. 2014-49
          v.                           )
                                       )
J. BRION MORRISETTE, LAUREN E.         )
MORRISETTE,                            )
                                       )
               Defendants.             )
                                       )
                                       )
_____)
J. BRION MORRISETTE,                   )
                                       )
               Counterclaimant,        )
                                       )
          v.                           )
                                       )
CBI ACQUISITIONS, LLC d/b/a CANEEL BAY )
RESORT, and EHI ACQUISITIONS, LLC      )
                                       )
               Counterclaim            )
               defendants.             )
                                       )
_____)
J. BRION MORRISETTE,                   )
                                       )
               Third-party plaintiff,  )
                                       )
          v.                           )
                                       )
THE UNITED STATES OF AMERICA, and      )
ALVIN NAZARIO,                         )
                                       )
               Third-party defendants. )
_____)
```

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 2

ATTORNEYS:

**Alex Moskowitz, Esq.**
Dudley, Topper & Feuerzeig
St. Thomas, VI
      *For the plaintiffs, CBI Acquisitions, LLC d/b/a Caneel Bay Resort, and EHI Acquisitions, LLC, and for the third-party defendant Alvin Nazario,*

**Michael L. Sheesley, Esq.**
MLSPC
St. Thomas, VI
      *For the defendant/counterclaimant/third-party plaintiff J. Brion Morrisette,*

**Lauren E. Morrisette**
      *Pro se defendant,*

**Ronald Sharpe, United States Attorney**
**Jason T. Cohen, AUSA**
United States Attorney's Office
St. Thomas, VI
      *For the third-party defendant United States of America.*

<u>**ORDER**</u>

GÓMEZ, J.

Before the Court are the motions of the United States, Alvin Nazario, and the plaintiffs CBI Acquisitions, LLC d/b/a Caneel Bay Resort and EHI Acquisitions, LLC (collectively "Caneel Bay") to dismiss the claims against them.

**I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

This order is written for the parties, who are familiar with the facts underlying this litigation, and thus the Court recites only those facts necessary to the instant motions.

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 3

    J. Brion Morrisette ("Morrisette") is the record property owner of property described as: Parcel No. 6, Estate Caneel Bay, St. John, United States Virgin Islands (the "Morrisette Property"). The Morrisette property was transferred by Caneel Bay Planation, Inc. to Morrisette's parents (the "Morrisette deed"). The Morrisette Property is adjacent to property that was also owned by Caneel Bay Planation, Inc. described as: Parcel No. 5, Estate Caneel Bay, St. John, United States Virgin Islands (the "Caneel Bay Property"). The Morrisette deed granted to Morrisette's parents and their successors a right of access and easements over certain areas of the Caneel Bay Property. The Caneel Bay Property was later sold by Caneel Bay Planation, Inc. to Jackson Hole Preserve, Inc. Jackson Hole Preserve then transferred ownership of the Caneel Bay Property to the United States.

    Caneel Bay operates a resort on the Caneel Bay Property. Alvin Nazario ("Nazario") is employed by Caneel Bay. The Morrisette and Caneel Bay Properties are also adjacent to additional property owned by the United States, which operates the Virgin Islands National Park (the "National Park") thereon.

    Caneel Bay filed suit against Morrisette in the Superior Court of the Virgin Islands (the Superior Court), alleging causes of action for trespass, breach of covenants, injunctive

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 4

relief, and quiet title. On March 21, 2014, while the case was pending in the Superior Court, Morrisette filed a counterclaim against Caneel Bay. Morrisette also filed third-party claims against the United States and Nazario. Thereafter, on April 29, 2014, the United States removed the case to this Court.

On June 10, 2014, Morrisette amended his counterclaim and third-party claims. Thereupon the United States moved to dismiss Morrisette's third-party claims against it. The Court granted the United States' motion and gave Morrisette leave to amend his third-party claims and counterclaims a second time.

Morrisette filed his second amended third-party complaint and counterclaims on March 9, 2015. Therein, Morrisette asserts: (1) adverse possession against Caneel Bay; (2) waste against Nazario; (3) waste against Caneel Bay; (4) trespass against Nazario; (5) trespass against Caneel Bay; (6) trespass against Nazario; (7) trespass against Caneel Bay; (8) nuisance against Nazario; (9) nuisance against Caneel Bay; (10) breach of covenants and request to quiet title against the United States; and (11) breach of covenants and request to quiet title against the United States.

The United States has moved to dismiss both claims against it on the basis that this Court lacks subject-matter jurisdiction over this action. Specifically, the United States

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 5

asserts that it has not waived its sovereign immunity as to

Morrisette's claims. Caneel Bay and Nazario seek dismissal of

claims two through five, eight, and nine. Morrisette opposes the

motions.

## II.  DISCUSSION

### A. Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs motions to

dismiss for lack of subject-matter jurisdiction.  A Rule

12(b)(1) motion may be treated either as a facial or a factual

challenge to the court's subject-matter jurisdiction. *Gould*

*Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir.2000). A

factual challenge may occur only after the allegations of the

complaint have been controverted. *Mortensen v. First Fed. Sav.*

*and Loan Ass'n*, 549 F.2d 884, 892 n. 17 (3d Cir.1977).  In

considering a facial challenge to subject-matter jurisdiction

under Rule 12(b)(1), all material allegations in the complaint

are taken as true. *Id.* at 891–92; *see also Taliaferro v. Darby*

*Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.2006)

(summarizing the standard for facial attacks under Rule 12(b)(1)

as "whether the allegations on the face of the complaint, taken

as true, allege facts sufficient to invoke the jurisdiction of

the district court").

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 6

### B. <u>Failure to State a Claim</u>

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 7

pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[1]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

---

[1] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 8

## III. <u>ANALYSIS</u>

The United States argues that Morrisette has failed to plead facts that show that the United States has waived its sovereign immunity in this matter. Where a defendant's motion argues that the allegations in the complaint, on which jurisdiction depends, are not true as a matter of fact, the motion is a factual challenge to the Court's subject-matter jurisdiction. *See Turicentro, S.A. v. Am. Airlines Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002) *overruled on other grounds by Animal Sci. Products, Inc. v. China Minmetals Corp.*, 654 F.3d 293 (3d Cir. 2011), *as amended* (Oct. 7, 2011). By contrast, a motion which challenges jurisdiction on the grounds that the facts necessary to establish jurisdiction have not been alleged at all is a facial attack. *Id*. at 300.

Here, the United States does not controvert any fact alleged in the amended complaint.  Instead, the United States argues that there are simply no facts contained in the amended complaint which would give this Court jurisdiction over the United States. Such a challenge is facial in nature. *See McGrogan v. C.I.R.*, Civil No. 2009-167, 2011 WL 3472336 (D.V.I. Aug. 8, 2011) *aff'd sub nom. Cooper v. C.I.R.*, 718 F.3d 216 (3d Cir. 2013)("The United States has asserted a facial challenge to

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 9

this Court's jurisdiction, arguing that this suit is barred by

sovereign immunity.")

> Absent a waiver, sovereign immunity shields the
> Federal Government and its agencies from suit.
> *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct.
> 1965, 1968, 100 L.Ed.2d 549 (1988); *Federal
> Housing Administration v. Burr*, 309 U.S. 242,
> 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940).
> Sovereign immunity is jurisdictional in nature.
> Indeed, the "terms of [the United States']
> consent to be sued in any court define that
> court's jurisdiction to entertain the suit."
> *United States v. Sherwood*, 312 U.S. 584, 586, 61
> S.Ct. 767, 770, 85 L.Ed. 1058 (1941). *See also
> United States v. Mitchell*, 463 U.S. 206, 212,
> 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It
> is axiomatic that the United States may not be
> sued without its consent and that the existence
> of consent is a prerequisite for jurisdiction").
> Therefore, we must first decide whether [the
> government's] immunity has been waived.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

Any party suing the United States must allege a basis for

the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).  The

complaint of a party suing the United States must therefore

contain a statement of the grounds under which the United States

has waived its sovereign immunity. *See, e.g.*, *Swift v. United

States Border Patrol*, 578 F. Supp 35, 37 (S.D. Tex. 1983) *aff'd*

731 F.2d 886 (5th Cir. 1984)("In view of Rule 8(a) of the

Federal Rules of Civil Procedure, it is incumbent upon the

Plaintiff to state in his complaint the grounds upon which the

sovereign consented to this suit.")

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 10

Morrisette asserts in his second amended third-party complaint and counterclaims that his claims against the United States are pursuant to the Quiet Title Act, 28 U.S.C. § 2409a (the "Act"). The Act states in pertinent part that "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a). In order to properly plead a claim under the Act, "[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d).

Here, Morrisette has pled that the United States acquired title to the Caneel Bay Property and has described the chain of title. He has also pled that title of the Caneel Bay Property includes certain easements and rights of way. As such, on its face, the third-party claims appear to allege that the United States has an interest in the real property. At the same time, however, Morrisette's second amended third-party complaint and counterclaims includes contradictory assertions regarding which party owns the Caneel Bay Property.

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 11

Morrisette first asserts that the land is owned by the United States and the resort itself is operated by Caneel Bay. (ECF No. 39, ¶ 6.) Morrisette then asserts that the Caneel Bay Property "belong[s] to Plaintiffs[.]" (ECF No. 39, ¶ 18; see also ¶¶ 13-20 (consistently describing the Caneel Bay property as belonging to Caneel Bay, the Morrisette Property as belonging to Morrisette, and a third parcel, the National Park, as belonging to the United States).)

This contradiction makes it difficult for the Court to determine what, precisely, Morrisette is pleading and against which party. Where a complaint is deficient because the complaint fails to link particular facts with particular causes of action, the proper remedy is ordering the repleading of a more definite statement, not dismissal. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280(11th Cir. 2006); *Johnson Enters. Of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998).

It is thus apparent that Morrisette's third-party claims are deficient. Because the deficiency here is in linking facts to parties and claims, the Court is persuaded that the proper remedy is repleader, pursuant to Rule 12(e). *Cf. Wagner*, 464 F.3d at 1280.

*CBI Acquisition, LLC et al. v. Morrisette et al.*
Civil No. 2014-49
Order
Page 12

The premises considered, it is hereby

**ORDERED** that Morrisette shall, to the extent he wishes to do so, file an amended third-party complaint and counterclaims no later than August 31, 2015. Failure to replead in accordance with this Order may result in dismissal; and it is further

**ORDERED** that Caneel Bay and the United States' motions to dismiss are **DENIED** without prejudice.

S\_____
                **CURTIS V. GÓMEZ**
                **District Judge**