DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
CBI ACQUISITIONS, LLC d/b/a        )
CANEEL BAY RESORT, and EHI         )
ACQUISITIONS, LLC,                 )
                                   )
            PlaintiffS,            )    2014-cv-49
                                   )
            v.                     )
                                   )
J. BRION MORRISETTE, LAUREN E.     )
MORRISETTE,                        )
                                   )
            Defendant.             )
                                   )
_____)
                                   )
J. BRION MORRISETTE,               )
                                   )
      Third-party Plaintiff,       )
                                   )
            v.                     )    2014-cv-49
                                   )
UNITED STATES OF AMERICA, and      )
ALVIN NAZZARIO,                    )
                                   )
      Third-party Defendants.      )
                                   )
                                   )
_____)
                                   )
J. BRION MORRISETTE,               )
                                   )
            Counterclaimant,       )
                                   )
            v.                     )
                                   )    2014-cv-49
CBI ACQUISITIONS, LLC d/b/a        )
CANEEL BAY RESORT, and EHI         )
ACQUISITION, LLC                   )
                                   )
            Counterclaim           )
            Defendants.            )
                                   )
_____)
```

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 2

**ATTORNEYS:**

**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, USVI
   *For CBI Acquisitions, LLC and EHI Acquisitions, LLC,*

**Michael L. Sheesley**
MLSPC
St. Thomas, USVI
   *For J. Brion Morrisette, Lauren E. Morrisette,*

**Ronald Sharpe, United States Attorney**
**James T. Cohen, AUSA**
United States Attorney's Office
St. Thomas, USVI
   *For the United States of America,*

## ORDER

Before the Court is the motion of the United States of America to dismiss the claims against it in this matter for a lack of subject matter jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

Caneel Bay Plantation, Inc. ("CBP") was an owner of various pieces of property on St. John. CBP owned property described as Parcels Nos. 8, 9, 10, 11, 20, 21, 22, Estate Caneel Bay, St. John, United States Virgin Islands (the parcels are collectively referred to as the "Caneel Bay Property"). CBP also owned property described as Parcel No. 6, Estate Caneel Bay, St. John, United States Virgin Islands ("Parcel No. 6" or the "Morrisette Property"). In 1952, CBP, through a deed (the "Morrisette deed"), conveyed to Sarah and Ronald Morrisette Parcel No. 6.

The Morrisette deed granted to Sarah and Ronald Morrisette and their successors, a right of access and easements over certain areas of the Caneel Bay Property.

In 1977, CBP, through a deed, conveyed the Caneel Bay Property to Jackson Hole Preserve, Incorporated. In 1983, Jackson Hole Preserve, Incorporated conveyed, through a deed, the Caneel Bay Property to the United States. In 1984 and 1987, through a pair of deeds, J. Brion Morrisette ("Morrisette") acquired Parcel No. 6 from his surviving parent, Sarah Morrisette. Morrisette currently is the record property owner of Parcel No. 6.

CBI Acquisitions, LLC and EHI Acquisitions, LLC (collectively "CBI") are CBP's successors in interest. CBI currently operates a resort on the Caneel Bay Property. Alvin Nazario ("Nazario") is employed by CBI. The Morrisette property and the Caneel Bay Property are also adjacent to additional property owned by the United States, upon which the United States administers a National Park (the "National Park").

CBI filed suit against Morrisette in the Superior Court of the Virgin Islands (the "Superior Court action"). In its Complaint, CBI alleged causes of action for trespass and breach of covenants. CBI sought to enjoin Morrisette from interfering with CBI's property rights, to quiet title to a disputed piece

of land, and determine the boundary lines between the respective pieces of property.

On March 21, 2014, while the case was pending in the Superior Court, Morrisette filed a counterclaim against CBI. Morrisette also filed third-party claims against the United States and Nazario. Thereafter, on April 29, 2014, the United States removed the Superior Court action to this Court.

On June 10, 2014, Morrisette amended his counterclaim and third-party claims. The United States then moved to dismiss Morrisette's third-party claims against it. The Court granted the United States' motion and gave Morrisette leave to amend his third-party claims and counterclaims a second time.

Morrisette filed his second amended third-party complaint and counterclaims on March 9, 2015. On April 10, 2015, the United States again moved to dismiss Morrisette's third-party claims against it. On August 20, 2016, the Court denied the motion without prejudice.

On September 1, 2015, Morrisette amended his counterclaim and third-party claims (the "Third Amended Complaint"). Therein, Morrisette asserts: (1) adverse possession against Caneel Bay; (2) waste against Nazario; (3) waste against Caneel Bay; (4) trespass against Nazario; (5) trespass against Caneel Bay; (6) trespass against Nazario; (7) trespass against Caneel

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 5

Bay; (8) nuisance against Nazario; (9) nuisance against Caneel Bay; (10) breach of covenants and request to quiet title against the United States; and (11) breach of covenants and request to quiet title against the United States.

The United States has moved to dismiss both claims against it on the basis that this Court lacks subject-matter jurisdiction over this action. Specifically, the United States asserts that it has not waived its sovereign immunity as to Morrisette's claims. Morrisette opposes the motions.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891–92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)(summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). When a party has yet to

answer the Complaint or engage in discovery, the motion to dismiss is a facial attack on the Court's subject matter jurisdiction. *See Askew v. Trs. of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith, Inc.*, 684 F.3d 413, 417 (3d Cir. 2012)("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial").

A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 892 n. 17 (3d Cir. 1977). Where a motion to dismiss factually challenges the district court's jurisdiction, the court is not confined to the allegations in the complaint, but can consider other evidence, such as affidavits, depositions, and testimony, to resolve factual issues related to jurisdiction. *See Mortensen,* 549 F.2d at 891 (stating that because at issue is the very power of the trial court to hear the case, a court is free to weigh evidence beyond the allegations in the complaint). Furthermore, "no presumptive truthfulness attaches to plaintiffs allegations" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

## ANALYSIS

The United States argues that "Morrisette failed to allege any facts to establish that there is an actual title dispute with respect to property in which the United States claims an interest, and as such, dismissal for lack of subject matter jurisdiction is necessary." *Mem. in Supp.*, ECF No. 56 at 6. The United States has yet to answer the Complaint and the parties have not engaged in discovery. As such, this is a facial attack on the Court's subject matter jurisdiction. *Askew*, 684 F.3d at 417("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial"). Morrisette asserts that the Court has jurisdiction over this matter via 28 U.S.C. § 2409a, the Quiet Title Act (the "QTA").

Under the QTA, "[t]he United States may be named as a party defendant in a civil action . . . to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a). For a Court to have jurisdiction of a QTA claim, Morisette must establish that "(1) the United States "claims an interest" in the property at issue; and (2) title to the property is "disputed." *Kane County, Utah v. United States*, 772 F.3d 1205, 1210-11 (10th Cir. 2014). "For the purposes of this motion to dismiss, the United States [has acknowledged] that the

Third Amended Third-Party Claim sufficiently states, through the recitations of each party's chain of title, that the United States owns an interest in the property on which Caneel Bay operates a resort and across which Morrisette claims access." *Mem. in Supp.*, ECF No. 56 at 7. As such, the Court will focus its analysis on whether title to the properties is disputed.

*McMaster v. United States*, 177 F.3d 936 (11th Cir. 1999), provides the Court with guidance on how to assess whether title to property is disputed. In that case, the Wassaw Island Trust agreed to convey "Wassaw Island to the United States for preservation purposes . . . ." *McMaster*, 177 F.3d at 938. The Wassaw Island Trust retained a portion of the island for trust beneficiaries. *See id*. The retained portion of the island was known as the Home Parcel. *See id*. As a part of the negotiations over the transfer of the island to the United States, a representative of the United States "orally agreed that the United States would not allow camping on the island and would not allow hunting on the island except when necessary to thin animal herds. These agreements were not memorialized in a formal written contract signed prior to the Trust's delivery of the deed." *Id*.

> Rather than conveying the land directly to the United States, the Trust utilized a non-profit organization known as the Nature Conservancy

> to facilitate the transaction. On October 20, 1969, the Trust conveyed Wassaw Island (except for the Home Parcel) to the Nature Conservancy for the price of one million dollars. Although the deed memorializing the transfer ("Trust Deed") contained several restrictive covenants, it expressly recited that the Trust was conveying the land to the Nature Conservancy "forever in fee simple." Trust Deed at 5. That same day, the Nature Conservancy deeded its portion of the island to the United States for one dollar. Unlike the Trust Deed, the deed from the Nature Conservancy to the United States ("Government Deed") was not in fee simple. Rather, the Government Deed provided that "[t]he title of the Grantee [(United States)] shall cease ... upon the ... [u]se of the Granted Premises for hunting...." Government Deed at 3–4. The Government Deed also contained a reverter clause, providing that "the title shall revert in fee simple ... to the Grantor [(Nature Conservancy)]" in the event that the United States used Wassaw Island for hunting. *Id.* at 4. [The plaintiff] specifically chose this arrangement "to ensure that if for any reason the [United States's] title to the [land] should lapse, title would revert to a non-profit nature organization rather than to the Wassaw Island Trust." Complaint at ¶ 22. Both deeds included a restrictive covenant that prohibited hunting on the island except in the case where it is "supervised by any governmental agency for the purpose of reducing an overabundance of any species of mammal." Trust Deed at 4; Government Deed at 4. Neither deed contained any prohibition on camping.

*Id.* at 938.

Philip McMaster ("McMaster") was a trust beneficiary using the Home Parcel. *See id*. He sued the United States alleging that

it had violated the no camping and no hunting covenants. *See id*. The United States moved to dismiss arguing that the Quiet Title Act did not confer subject matter jurisdiction. *See id.* at 938-39. The district court denied the United States' motion to dismiss on the basis of a lack of subject matter jurisdiction. *See id*. at 939. The district court granted a subsequent motion of the United States for summary judgment. *See id*. The Eleventh Circuit reasoned that:

> In this case, the United States attacks the district court's subject matter jurisdiction, claiming that this suit was not brought "to adjudicate a disputed title to real property." 28 U.S.C. § 2409a(a). A defendant may attack subject matter jurisdiction in two different ways—facially and factually. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam). "'Facial attacks' on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true ....' " (citation omitted). Here, [the plaintiff] pleaded that he has easement rights to the United States's portion of Wassaw Island, including the right to "pass and repass on foot, carriage, bicycle or motor vehicle the roads and pathways thereof." Trust Deed at 3. He also pleaded that the United States has impermissibly interfered with his easement rights by forbidding him from using these roads and pathways. *See* Complaint at ¶ 36. These pleadings would survive a facial attack. *Cf. County of Patrick, Va. v. United States,* 596 F.2d 1186, 1187 (4th Cir. 1979)(jurisdiction not questioned under the QTA where plaintiffs alleged "wrongful interference by the United

>States with their use and enjoyment of an appurtenant easement").

*Id.* at 940. The Eleventh Circuit then noted that the United States was "making a factual attack on the district court's subject matter jurisdiction." *Id.* The Eleventh Circuit performed a factual analysis and determined that the district court lacked subject matter jurisdiction. *Id.* at 941.

Morrisette's Third Amended Complaint alleges the existence of an easement and that the United States is interfering with that easement. *See Am. Compl. (Third)*, ECF No. 52 at 19-20. In particular, Count 10 of the Third Amended Complaint states

>89. Morrisette repeats and realleges paragraphs 1 through 88 and incorporates them by reference as though fully set forth herein.
>90. Parcel 6, the Land owned by Morrisette, has deeded rights that run with the land which include but are not limited to the right to pass, repass and use the docks, anchorages and beaches which the United States of America and/or the National Park owns and on which Plaintiffs operate a resort, known as "Caneel Bay Resort.".
>91. The land owned by the United States of America and/or the National Park on which Plainitffs operate a resort is subject to the uses as set forth above.
>92. The United States of America and/or the National Park has breached these covenants by allowing, Plaintiffs, to restrict access to Morrisette of the roads, docks, anchorages and beaches by:
>>a. Charging a parking fee to Morrisette

> b. Restricting which roads contained within Caneel Bay Resort Morrisette may access
> c. Restricting Morrisette's access to docks, anchorages and beaches which exist for the benefit of Caneel Bay Resort by only allowing Morissette access to the same which the general public have access.
> 93. These actions by the United States of American and/or the National Park are in direct violation of the title covenants of record for the benefit of Morrisette.
> 94. By virtue of the title covenants Morrisette has a title interest in the land owned by the United States of America and/or the National Park on which Plaintiffs operate a resort.
> 95. Morrisette requests that this Honorable Court grant declaratory relief, pursuant to *5 V.I.C. 1262*, enforcing the deed covenants against the National Park Quieting Title by declaring the deed covenants valid and enforceable and ordering the United States of America and/or the National Park to instruct Plaintiffs, to properly comply with the deed covenants by giving Morrisette the full use of the roads, beaches, and docks within Caneel Bay Resort.

*Id.* Count 11 of the Third Amended Complaint alleges similar violations on behalf of Morrisette's guests. *See id.* at 21-22.

Here, like in *McMaster*, Morrisette's Third Amended Complaint alleges the existence of an easement and that the United States is interfering with that easement. Such interference may signify that the existence of the alleged easement is in dispute. As such, the Third Amended Complaint is sufficiently pled to survive a facial challenge to the Court's

subject matter jurisdiction. *McMaster*, 177 F.3d at 940.[1]

The premises considered, it is hereby

**ORDERED** that the Motion to Dismiss for Lack of Jurisdiction is hereby **DENIED** without prejudice.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**

---

[1] The Court expresses no opinion on whether Morrisette's claims would survive a factual challenge to the Court's subject matter jurisdiction.