DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CBI ACQUISITIONS, LLC d/b/a | ) | |
| CANEEL BAY RESORT, and EHI | ) | |
| ACQUISITIONS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | 2014-cv-49 |
| | ) | |
| v. | ) | |
| | ) | |
| J. BRION MORRISETTE, LAUREN E. | ) | |
| MORRISETTE, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |
| | ) | |
| J. BRION MORRISETTE, | ) | |
| | ) | |
| Third-party Plaintiff, | ) | |
| | ) | |
| v. | ) | 2014-cv-49 |
| | ) | |
| UNITED STATES OF AMERICA, and | ) | |
| ALVIN NAZARIO, | ) | |
| | ) | |
| Third-party Defendants. | ) | |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| J. BRION MORRISETTE, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2014-cv-49 |
| CBI ACQUISITIONS, LLC d/b/a | ) | |
| CANEEL BAY RESORT, and EHI | ) | |
| ACQUISITION, LLC | ) | |
| | ) | |
| Counterclaim | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 2

**ATTORNEYS:**

**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, USVI
     *For CBI Acquisitions, LLC and EHI Acquisitions, LLC,*

**Michael L. Sheesley**
MLSPC
St. Thomas, USVI
     *For J. Brion Morrisette, Lauren E. Morrisette,*

**Ronald Sharpe, United States Attorney**
**James T. Cohen, AUSA**
United States Attorney's Office
St. Thomas, USVI
     *For the United States of America,*

## ORDER

Before the Court is the motion of CBI Acquisitions, LLC d/b/a Caneel Bay Resort, EHI Acquisitions, LLC and Alvin Nazario to Dismiss J. Brion Morrisette's Third Amended Counterclaims and Third Party Claims.

## FACTUAL AND PROCEDURAL HISTORY

Caneel Bay Plantation, Inc. ("CBP") was an owner of various pieces of property on St. John. CBP owned property described as Parcels Nos. 8, 9, 10, 11, 20, 21, 22, Estate Caneel Bay, St. John, United States Virgin Islands (the parcels are collectively referred to as the "Caneel Bay Property"). CBP also owned property described as Parcel No. 6, Estate Caneel Bay, St. John, United States Virgin Islands ("Parcel No. 6" or the "Morrisette Property"). The Morrisette Property is adjacent to Parcel No. 5,

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 3

which was also owned by CBP. In 1952, CBP, through a deed (the "Morrisette deed"), conveyed to Sarah and Ronald Morrisette Parcel No. 6. The Morrisette deed granted to Sarah and Ronald Morrisette and their successors, a right of access and easements over certain areas of the Caneel Bay Property.

In 1977, CBP, through a deed, conveyed the Caneel Bay Property to Jackson Hole Preserve, Incorporated. In 1983, Jackson Hole Preserve, Incorporated conveyed, through a deed, the Caneel Bay Property to the United States. In 1984 and 1987, through a pair of deeds, J. Brion Morrisette ("Morrisette") acquired Parcel No. 6 from his surviving parent, Sarah Morrisette. Morrisette currently is the record property owner of Parcel No. 6.

CBI Acquisitions, LLC and EHI Acquisitions, LLC (collectively "CBI") are CBP's successors in interest. CBI currently operates a resort on the Caneel Bay Property. CBI owns Parcel No. 5.[1] Alvin Nazario ("Nazario") is employed by CBI. Nazario resides on Parcel No. 5. The Morrisette and Caneel Bay Properties are adjacent to additional property owned by the United States, upon which the United States administers a National Park (the "National Park"). Parcel No. 13 is part of

---

[1] The exact history of how CBI came to acquire Parcel No. 5 is unclear to the Court.

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 4

the National Park. Parcel No. 13 is adjacent to the Morrisette Property.

On or about October, 2011, Nazario allegedly caused trees on Parcel No. 13 to be cut down by CBI personnel using CBI equipment.

Morrisette further alleges that Nazario maintains two large dogs on Parcel No. 5. The dogs are loud, charge at people walking along an adjacent public roadway, and have on at least one occasion escaped their enclosure and wandered onto Parcel No. 6.

CBI filed suit against Morrisette in the Superior Court of the Virgin Islands (the "Superior Court action"). In its Complaint, CBI alleges causes of action for trespass and breach of covenants. CBI seeks to enjoin Morrisette from interfering with CBI's property rights, to quiet title to a disputed piece of land, and to determine the boundary lines between the respective pieces of property.

On March 21, 2014, while the case was pending in the Superior Court, Morrisette filed counterclaims against CBI. Morrisette also filed third-party claims against the United States and Nazario. Thereafter, on April 29, 2014, the United States removed the Superior Court action to this Court.

On June 10, 2014, Morrisette amended his counterclaims and

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 5

third-party claims. Thereupon, the United States moved to dismiss for a lack of subject matter jurisdiction. CBI moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court granted the United States' motion and gave Morrisette leave to amend his third-party claims and counterclaims a second time. The Court further held that CBI's motion was moot.

Morrisette filed his second amended third-party complaint and counterclaims on March 9, 2015. ECF No. 39. On September 1, 2015, Morrisette again amended his counterclaims and third-party claims.[2] ECF No. 52. Therein, Morrisette asserts: (1) adverse possession against Caneel Bay; (2) waste against Nazario; (3) waste against Caneel Bay; (4) trespass against Nazario; (5) trespass against Caneel Bay; (6) trespass against Nazario; (7) trespass against Caneel Bay; (8) nuisance against Nazario; (9) nuisance against Caneel Bay; (10) breach of covenants and request to quiet title against the United States; and (11) breach of covenants and request to quiet title against the United States.

CBI and Nazario have moved to dismiss Counts II, III, IV, V, VIII, and IX of the Second Amended Counterclaim and Third

---

[2] The Court notes that both the March 9, 2015, filing and the September 1, 2015, filing are labeled "Second Amended Counterclaim and Third Party Claim." Because the September 1, 2016, filing is controlling, the Court will refer to that filing when it references the "Second Amended Counterclaim and Third Party Claim."

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 6

Party Claim.

## DISCUSSION

## A. Failure to State a Claim

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 7

that is plausible on its face." *Twombly*, 550 U.S. at 570. A

complaint satisfies the plausibility standard when the factual

pleadings "allow[] the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*,

556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard

requires showing "more than a sheer possibility that a defendant

has acted unlawfully." *Id.* A complaint which pleads facts

"'merely consistent with' a defendant's liability, ... 'stops

short of the line between possibility and plausibility of

"entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at

557).

To determine the sufficiency of a complaint under the

plausibility standard, the Court must take the following three

steps[3]:

> First, the court must "tak[e] note of the
> elements a plaintiff must plead to state a
> claim." Second, the court should identify
> allegations that, "because they are no more
> than conclusions, are not entitled to the
> assumption of truth." Finally, "where there
> are well-pleaded factual allegations, a court
> should assume their veracity and then
> determine whether they plausibly give rise to
> an entitlement for relief.

---

[3] *Iqbal* describes the process as a "two-pronged approach" but the Supreme
Court took note of the elements a plaintiff must plead to state a claim
before proceeding to its two-step approach. Accordingly, the Third Circuit
has deemed the process a three step approach. *See Santiago,* 629 F.3d at 130.

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 8

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 674, 679).

## B. Mootness

"Article III of the Constitution confines jurisdiction of the federal courts to actual 'cases and controversies.'" *Brown v. Phila. Mun. Court*, 47 Fed. App'x 129, 130 (3d Cir. 2002). "The mootness doctrine defines constitutionally minimal conditions for the invocation of federal judicial power." *Id*. "A case is moot when 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id*. (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)).

"The court's ability to grant effective relief lies at the heart of the mootness doctrine." *Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003)(internal citation omitted). "That is, '[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'" *Donovan,* 336 F.3d at 216 (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)). "This requirement that a case or controversy be 'actual [and] ongoing' extends throughout all stages of federal judicial proceedings,

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 9

including appellate review." *Donovan,* 336 F.3d at 216 (quoting

*Khodara Envtl., Inc. V. Beckman,* 237 F.3d 186, 193 (3d Cir.

2001)).

## ANALYSIS

CBI and Nazario seek dismissal of Counts II, III, IV, V,

VIII, and IX of the Second Amended Counterclaim and Third Party

Claim. In particular, CBI and Nazario argue that Counts II, III,

IV, and V of the Second Amended Counterclaim and Third Party

Claim all fail to state a claim upon which relief can be

granted. CBI and Nazario further argue that Counts VIII and IX

of the Second Amended Counterclaim and Third Party Claim are

moot.[4]

### B. Counts II and III: Waste

Counts II and III of the Second Amended Counterclaim and

Third Party Claim each allege that Nazario and CBI are liable to

Morrisette for waste under 28 V.I.C. § 334. Both Counts arise

---

[4] In its motion, CBI and Nazario write in terms of standing. *See, e.g.*, *Mem. in Supp.*, ECF No. 54 at 2 ("Morrisette's second amended counterclaims and third party claims for Waste (Counts II and III), Trespass (Counts IV and V), and Nuisance (Counts VIII and IV) are ripe to be dismissed under Fed. R. Civ. P. 12(b) as they fail to state a claim since Morrisette has no standing to assert these claims and the nuisance claims are moot as Nazario no longer resides on the property."). However, upon examination of CBI and Nazario's argument, it appears that the movants are not arguing that Morrisette lacks Article III standing. Insofar as the movants raise the issue of constitutional standing, the Court is convinced that Morrsette has standing. *See Township of Piscataway v. Duke Energy*, 488 F.3d 203, 209-10 (3d Cir. 2007)(holding that a group of homeowners had standing to challenge the removal of trees from in front of their property because of the economic and aesthetic value the trees provided the homeowners).

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 10

out of the alleged removal of trees from Parcel No. 13. 28

V.I.C. § 334 states that

> [i]f a guardian or a tenant in severalty or in
> common for life or for years, of real
> property, commits waste thereon, any person
> injured thereby may maintain an action for
> damages therefor against such guardian or
> tenant. In such action there may be judgment
> for treble damages, forfeiture of the estate
> of the party committing or permitting the
> waste, and of eviction from the property.
> Judgment of forfeiture and eviction shall only
> be given in favor of the person entitled to
> the reversion against the tenant in possession
> when the injury to the estate in reversion is
> determined in the action to be equal to the
> value of the tenant's estate or unexpired
> term, or to have been done or suffered in
> malice.

In order to have a viable claim under 28 V.I.C. § 334,

Morrisette is required to plead three things: (1) that CBI or

Nazario is a "guardian or a tenant in severalty or in common for

life or for years," (2) that CBI and Nazario committed waste on

the property, and (3) that Morrisette was injured by said waste.

*Id*.

Here, Morrisette pleads that

> Caneel Bay Resort which includes Parcels 8, 9,
> 10, 11, 20, 21 and 22 Estate Caneel Bay, Cruz
> Bay Quarter, St. John, VI, is presently owned
> by the Third Party Defendant The United States
> of America and/or the National Park. Caneel
> Bay Resort is exclusively occupied and
> operated by Counterclaim Defendant CBI
> ACQUISITIONS, LLC d/b/a CANEEL BAY RESORT and
> EHI ACQUISITIONS, LLC ("Plaintiff").

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 11

*Second Amended Counterclaim and Third Party Claim*, ECF No. 52 at 3. Morrisette further states that "Parcel No. 13 Estate Caneel Bay is adjacent to the Land/Parcel 6 and is owned by the National Park Service of the United States of America" *Id.* at 9.

Morrisette does not allege that CBI or Nazario are "guardian[s] or [] tenant[s] in severalty or in common for life or for years" of Parcel 13. 28 V.I.C. § 334. Morrisette has failed to plead the first requirement of a claim under 28 V.I.C. § 334. Even when drawing all reasonable inferences in favor of Morrisette, the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As such, Morrisette's claims under 28 V.I.C. § 334 will be dismissed.

**C. Counts IV, and V: Trespass**

Counts IV, and V of the Second Amended Counterclaim and Third Party Claim allege that Nazario and CBI are liable to Morrisette for trespass on Parcel No. 13. Counts IV and V also arise from the alleged removal of trees from Parcel No. 13. 28 V.I.C. § 336 states that

> (a) Whenever any person shall cut down, girdle, or otherwise injure, or carry off any tree, timber, or shrub on the land of another person, or on the street or highway in front of any person's house, village, town, or city lot, or cultivated grounds, or on the commons

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 12

> or public grounds of the Virgin Islands or
> highways in front thereof, without lawful
> authority, in an action by such person or by
> the Government of the United States Virgin
> Islands against the person committing such
> trespasses, or any of them, if judgment is
> given for the plaintiff it shall be given for
> treble the amount of damages allowed or
> assessed therefor, as the case may be.

In order to have a viable claim under 28 V.I.C. § 336, Morrisette must plead that (1) CBI or Nazario cut down, girdled, injured, or carried off some timber, shrubbery, or trees; (2) that the first requirement occurred "on the land of another person, or on the street or highway in front of any person's house, village, town, or city lot, or cultivated grounds, or on the commons or public grounds of the Virgin Islands or highways in front thereof;" and (3) that the action was undertaken without lawful authority. 28 V.I.C. § 336.

Here, Morrisette has pled that Nazario and CBI cut down trees on Parcel No. 13. Morrisette also alleges that "Parcel No. 13 Estate Caneel Bay is adjacent to the Land/Parcel 6 and is owned by the National Park Service of the United States of America." *Second Amended Counterclaim and Third Party Claim*, ECF No. 52 at 9. Significantly, Morrisette has not pled that Parcel No. 13 is any of the types of property listed in 28 V.I.C. § 336. Federal Park land is not included on the list of properties protected by the statute, and upon which a trespass

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 13

in violation of local law may occur. As such, Morrisette's 28

V.I.C. § 336 claims will be dismissed.

## C. Counts VIII and IX: Nuisance

In Counts VIII and IX of the Second Amended Counterclaim

and Third Party Claim, Morrisette alleges that Nazario and CBI

are liable to Morrisette for nuisance. 28 V.I.C. § 331 states

that

> Any person whose property is affected by a
> private nuisance, or whose personal enjoyment
> thereof is in like manner thereby affected,
> may maintain an action for damages therefor.
> If judgment is given for the plaintiff in such
> action, he may, in addition to the execution
> to enforce the same, on motion, have an order
> allowing a warrant to issue to the marshal to
> abate such nuisance. Such motion shall be made
> at the term at which judgment is given, and
> shall be allowed of course, unless it appears
> on the hearing that the nuisance has ceased,
> or that such remedy is inadequate to abate or
> prevent the continuance of the nuisance in
> which latter case the plaintiff may proceed to
> have the defendant enjoined.

"A private nuisance is a nontresspassory invasion of

another's interest in the private use and enjoyment of land."

Restatement (Second) of Torts § 821D (1979). "The understood

common law basis for a nuisance is an act arising out of the use

of land which likewise affects another's use of land." *Mahogany*

*Run Condo. Ass'n v. ICG Realty Management Corp.,* Civ. Nos. 97–

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 14

185, 96-185, 1999 U.S. Dist. LEXIS 2005, 1999 WL 112826 at *6-7
(D.V.I. Feb. 16, 1999)(citations omitted).

To state a claim for private nuisance, a plaintiff must
allege either an act or "a failure to act under circumstances in
which the actor is under a duty to take positive action to
prevent or abate . . . the invasion of the private interest."
Restatement (Second) of Torts § 824 (1979). "An invasion of
another's interest in the use and enjoyment of land or an
interference with the public right, is intentional if the actor
. . . (b) knows that it is resulting or is substantially certain
to result from his conduct." Restatement (Second) of Torts § 825
(1979). If "the gravity of the harm outweighs the utility of the
actor's conduct," then an intentional action is unreasonable.
Restatement (Second) of Torts § 826 (1979).

Morrisette pleads that Nazario kept dogs on Parcel No. 5.
The Second Amended Counterclaim and Third Party Claim states
that

> 30. Nazario's dogs continuously bark from
> early in the morning to late in the evening
> disturbing the peace and quiet enjoyment of
> Defendant on his adjacent parcel of land,
> Parcel No. 6 Estate Caneel Bay.
>
> 31. Nazario's dogs charge at and terrorize
> people walking along the public roadway from
> Cruz Bay up the hill into Estate Caneel Bay
> and entering the National Park. Nazario makes

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 15

> no effort to control his dogs, and the
> Plaintiffs condone this activity.
>
> 79. Nazario is aware of the behavior of his
> dogs in continuously barking and charging and
> terrorizing any persons who walk by any land
> adjacent to Parcel No. 5. Nazario
> intentionally, negligently or recklessly
> allows his dogs to behave in this manner.
>
> 86. Plaintiffs are aware of the behavior of
> Nazario's dogs in continuously barking and
> charging and terrorizing any persons who walk
> by any land adjacent to Parcel No. 5.
> Plaintiffs intentionally, negligently or
> recklessly allows Nazario's dogs to behave in
> this manner.

*Second Amended Counterclaim and Third Party Claim*, ECF No. 52 at
10-11, 18-19.

Here, Morrisette has alleged that Nazario and CBI have
invaded his private interest by disturbing Morrisette in his
home and threatening his safety when approaching Parcel No. 5.
Furthermore, Morrisette alleges that CBI and Nazario are aware
of the intrusions on Morrisette's interests. Morrisette has
alleged acts committed by the dogs which would outweigh their
utility. When viewing the Second Amended Counterclaim and Third
Party Claim "in the light most favorable to [Morrisette]," *In re
Ins. Brokerage Antitrust Litig.*, 618 F.3d at 314, Morrisette has
stated a viable claim for nuisance.

CBI and Nazario argue that Counts VIII and IX of the Second
Amended Counterclaim and Third Party Claim are moot because

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 16

Nazario and the dogs no longer reside on the property.  CBI and
Nazario assert that the dogs have been removed from Parcel No.
5. However, the current motion is for failure to state a claim
upon which relief can be granted. The Court is limited to the
allegations on the face of the Complaint. Applying that
standard, CBI and Nazario are not entitled to Federal Rule of
Civil Procedure 12(b)(6) relief. As such, CBI and Nazario's
motion will be denied insofar as it challenges Counts VIII and
IX of the Second Amended Counterclaim and Third Party Claim.

## CONCLUSION

As the Second Amended Counterclaim and Third Party Claim
currently stands, Counts II, III, IV, and V are all deficient
and subject to dismissal. Accordingly, the Court will dismiss
Counts II, III, IV, and V of the Second Amended Counterclaim and
Third Party Claim.

The premises considered, it is hereby

**ORDERED** that the Motion to Dismiss, insofar as it seeks to
dismiss Counts II, III, IV, and V of the Second Amended
Counterclaim and Third Party Claim, is hereby **GRANTED**; it is
further

**ORDERED** that Counts II, III, IV, and V of the Second
Amended Counterclaim and Third Party Claim, ECF No. 52, are
**DISMISSED**; and it is further

*CBI Acquisitions, LLC v. Morrisette*
Civ. No. 14-49
Order
Page 17

     **ORDERED** that the Motion to Dismiss, insofar as it seeks to

dismiss Counts VIII and IX of the Second Amended Counterclaim

and Third Party Claim, is hereby **DENIED.**

                                                  **S\_____**
                                                    **CURTIS V. GÓMEZ**
                                                    **District Judge**